## No. 13,294

### Orleans

### DEVOE & RAYNOLDS CO., INC., v. LOUP

(July 1, 1930. Opinion and Decree.)
(August 23, 1930. Rehearing Refused.)
(October 8, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Stephen C. Hartel, of New Orleans, attorney for plaintiff, appellee.

John J. Kenny and Quintero & Ritter, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit for $818.33, based on a continuing guaranty. There was judgment below as prayed for and defendant has appealed.

Mr. and Mrs Hebert Harris, the son-in-law and daughter respectively of the

defendant Mrs. Bertha Loup, operated a business enterprise under the name of Loup's Hardware Store at 1470 North Broad Street, this city. For some reason, either for expansion of its credit or for better terms, the purpose being immaterial, Mrs. Loup was induced to sign a continuing guaranty in favor of the plaintiff covering the "sale price or any indebtedness on account thereof, all goods, wares and merchandise sold and which may be sold by the seller to Loup's Hardware Store, 1470 North Broad Street of New Orleans, Louisiana, as buyer according to the credit terms and such respective sale or sales or any extension or modification of such credit terms " The guaranty also provided for a waiver of "notice of the acceptance of this guaranty, demand for payment upon the buyer, notice of any nonpayment, or of any other default on the part of the buyer, and notice of any such sales, credit terms, or of any extension or modification thereof, is hereby waived by the undersigned." It contained a further provision as follows:

"This guaranty is intended to make the liability of the guarantor co-extensive with that of the buyer for past and future sales."

The defenses which were argued in this court are five in number and thus expressed in the brief:

1. "That she (Mrs. Bertha Loup) had no connection with or interest in Loup's Hardware Store.

2. "That the principal debtor named in said contract of guaranty, to-wit, Loup's Hardware Store, had no legal existence.

3. "That said agreement was uncertain in fact and in law.

4. "That the sales claimed to have been made by plaintiff were not sales at all, but were goods delivered under an agency contract (Exhibit Defendant 1) and that plaintiff has breached the said contract, thereby releasing defendant from any obligations to it under her guaranty.

5. "That the laches of plaintiff preclude it from recovering."

As to the first defense whether Mrs. Loup had any active interest in the hardware business or not is immaterial since it is not denied that she executed the guaranty and the law is very plain to the effect that a stipulated advantage or debt due by a third person is a sufficient consideration to support a promise to pay. Code of Practice, art. 35; Watt v. Rice, 1 La. Ann. 280; Commercial National Bank v. Richardson, 163 La. 934, 113 So. 152.

The second defense to the effect that Loup's Hardware Store had no legal existence is based upon the fact that it was not incorporated nor the subject of a formal contract of partnership, but whatever may have been its status, its obligations under the continuing guaranty were assumed by Mrs. Bertha Loup and she cannot be heard to question its existence.

The third and fourth defenses are hardly serious since it is admitted that the amount claimed by plaintiff is actually due by Loup's Hardware Store and within the contemplation of the guaranty unless defendant is otherwise exonerated. Moreover, the account was acknowledged by Mrs. Loup who made several promises to pay.

As to the last contention we find no evidence of laches which would affect defendant's obligation. Mrs. Harris offered a check for $50 which was refused, but since a check of Mrs. Harris had previ-

ously been dishonored because of insufficient funds, the plaintiff was justified in believing that this check would be similarly dishonored. Besides, in view of the size of the account we know of no compelling reason for the acceptance of such a small partial payment.

We sympathize with the defendant who is called upon to pay the obligations of her family incurred in a business venture with which she had no connection and which probably exceeded any amount which she contemplated as the extent of her liability under the guaranty. She testified, for example, that she thought she was only obligating herself to the extent of $250. But our sympathy cannot affect our judgment in considering defendant's plain obligation. She executed the contract of guaranty and upon the faith of her credit her daughter and son-in-law purchased from the plaintiff the merchandise, for the price of which this suit is brought. She cannot now be heard to complain of the effect of her act in signing the guaranty, for as was said in Snell et al. v. Union Sawmill Co. et al., 159 La. 608, 105 So. 728-730, "Signatures to obligations are not mere ornaments * * *." And parties who sign negotiable instruments, or other solemn obligations, must expect to be held liable according to the tenor thereof.

Our conclusion, therefore, is that the case is with the plaintiff and that it should recover. This was the view entertained by the trial court, and for the reasons herein assigned, its judgment is affirmed.